# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID C. CAREY, <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC, <br><br> Defendant. | Case No. 1:21-cv-05234 |

## COMPLAINT

**NOW COMES** DAVID C. CAREY ("Plaintiff"), by and through his undersigned counsel, complaining of defendant Trans Union, LLC ("Defendant" or "Trans Union"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*. and defamation.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) as Defendant is domiciled in the Northern District of Illinois.

## PARTIES

4. David C. Carey ("Plaintiff") is a natural person over 18-years-of-age that resides in Manhattan, Kansas.

5. Defendant Trans Union LLC is a prominent credit reporting agency. Trans Union maintains its principal place of business in Chicago, Illinois.

1

## FACTUAL ALLEGATIONS

6. In or around June 2020, Plaintiff signed a six-month lease ("Lease") with South Glenn Apartments ("South Glenn") in Tulsa, Oklahoma.

7. The Lease required Plaintiff make a monthly payment of $525 for his apartment.

8. Plaintiff paid $525 each month by way of a cashier's check.

9. On November 6, 2020, Plaintiff received notice from South Glenn's management company, Prosperiti Properties ("Prosperiti"), stating that his rent was more than 6 days past due and his past-due balance was allegedly $1,575.00.

10. Initially, Plaintiff contacted Prosperiti to advise that his rent had been paid every month on time and that he did not have an outstanding balance.

11. Unfortunately, Plaintiff could not find copies of the rent receipts proving his payment of rent.

12. However, since Plaintiff *did* receive receipts for his cashier's checks, Prosperiti should have had copies of these same receipts.

13. Prosperiti refused to look into Plaintiff's dispute and Plaintiff had no choice but to vacate his apartment.

14. In early 2021, Plaintiff received an alert through Lending Tree that Hunter Warfield, Inc. ("HWI") was reporting to all three of the major credit agencies, including Trans Union.

15. Specifically, HWI was reporting that the account had a current rating of "collection/charge-off" with a balance of $3,400 ("subject account").

Case: 1:21-cv-05234 Document #: 1 Filed: 10/04/21 Page 3 of 9 PageID #:3

**Plaintiff's Credit Reporting Dispute to Trans Union**

16. On September 12, 2021, Plaintiff disputed the subject account with Defendant.

17. Upon information and belief, HWI received notice of Plaintiff's dispute, within five days of Plaintiff initiating the dispute with Defendant. *See* 15 U.S. Code §1681i(a)(2).

18. In this dispute, Plaintiff stated that Prosperiti was attempting to charge him as if he had never paid any rent on his 6-month lease and that the balance was inaccurate and materially misleading.

19. On September 28, 2021 – only 16 days later - Plaintiff received notice that Trans Union's investigation was complete.

20. Trans Union's dispute results state that the subject account was "verified as accurate and updated."

21. Trans Union failed to reasonably investigate Plaintiff's credit dispute. Specifically, Trans Union continued to report HWI on Plaintiff's credit file, after Plaintiff communicated to Defendant that he had paid on the subject account and is not responsible for any alleged past due amount or balance. Although Plaintiff sent Trans Union a detailed dispute, Trans Union continued to report the HWI as past due and owing.

22. Trans Union has been reporting materially misleading and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties. The inaccurate information consisted of the HWI subject account that was not past due and owing.

**DAMAGES**

23. Plaintiff has worked hard to build and maintain a good credit history.

24. The inaccurate reporting of the HWI account has devastated Plaintiff's credit score.

3

25. The inaccurate reporting of this account has destroyed Plaintiff's creditworthiness because it creates the false impression that Plaintiff is in default on the account, thus rendering Plaintiff a high-risk consumer and impeding his ability to obtain credit.

26. Defendants' reckless inaccurate reporting of the account has frustrated Plaintiff's ability to control his credit score and his ability to benefit from the credit history he has built over the years.

27. As a result of Defendants' conduct, Plaintiff has suffered significant damages, including: denial of lease agreements, increased cost of credit, humiliation, loss of time disputing the inaccurate reporting, time expended monitoring his credit files and sending credit disputes, mental anguish, emotional distress, lack of sleep, and anxiety.

28. Moreover, Defendant's conduct has resulted in monetary damages, including the costs of mailing disputes and purchasing credit reports.

29. Plaintiff did not file this action as a knee-jerk reaction to a perceived harm - Plaintiff's financial health has been devastated as a result of Defendant's collective reckless conduct.

30. Plaintiff has literally exhausted all efforts short of judicial action to compel Defendant to remove the inaccurate information regarding this account from his credit report.

31. Due to Defendant's repeated refusal to remove inaccurate information regarding the account from Plaintiff's credit report, Plaintiff was forced to initiate the instant action to compel the same.

4

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Trans Union)

32. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

33. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

34. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

35. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

36. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

37. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

38. The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

39. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the disputed information within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

40. Plaintiff provided Trans Union with all relevant information and documentation in his dispute to support his contention that the disputed account was reporting inaccurately.

41. A cursory review of the evidence submitted by Plaintiff would have confirmed that the disputed account was reporting inaccurately.

42. Trans Union failed to conduct a meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by HWI.

43. Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished concerning Plaintiff.

44. Trans Union repeatedly distributed patently false and materially misleading consumer reports concerning Plaintiff to third parties.

45. Trans Union failed to follow reasonable procedures to assure maximum possible accuracy by repeatedly ignoring the evidence provided by Plaintiff and blindly accepting erroneous information furnished to it by HWI as accurate.

46. Had Trans Union followed reasonable procedures to assure maximum possible accuracy, it would have reviewed the dispute and evidence submitted by Plaintiff and promptly discovered that the disputed account was reporting inaccurately. Instead, Trans Union repeatedly accepted erroneous information as true and continued the reporting of the erroneous information pertaining to the disputed account.

47. Trans Union should have implemented procedures and safeguards to prevent the repeated reporting inaccurate information regarding the account.

48. Trans Union violated 15 U.S.C. §1681i(a)(1) by failing to (1) conduct a reasonable investigation into Plaintiff's dispute and (2) modify the account to report accurately on Plaintiff's credit file.

49. Had Trans Union conducted a reasonable investigation into Plaintiff's valid dispute, it would have promptly determined that the disputed account was reporting incorrectly.

50. Trans Union took no meaningful action to determine whether the disputed account was reporting incorrectly and blindly reported the same with no regard to its accuracy.

51. At very minimum, Trans Union should have requested that HWI provide proof that their reporting was accurate. Instead, Trans Union continued to recklessly report false and unreliable information regarding the account.

52. Trans Union violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to HWI. Upon information and belief, Trans Union may have failed to forward all relevant information provided by Plaintiff to HWI.

53. Trans Union violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the disputed account.

54. Trans Union violated 15 U.S.C. §1681i(a)(5) by failing to modify the disputed account that was the subject of Plaintiff's dispute after Plaintiff submitted compelling evidence that the disputed account was reporting inaccurately.

55. Trans Union had actual knowledge that the erroneous reporting of the disputed account would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

56. Despite having actual knowledge that Plaintiff's credit file contained erroneous information, Trans Union readily distributed Plaintiff's inaccurate and misleading credit reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

57. By deviating from the standards established by the credit reporting industry and the FCRA, Trans Union acted with a reckless disregard of its duty to report accurate and complete consumer credit information.

58. It is Trans Union's regular business practice to blindly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

59. Trans Union's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its mistreatment of Plaintiff.

60. Trans Union has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own convenience above its grave responsibility to report accurate consumer data.

61. As stated above, Plaintiff was significantly harmed by Trans Union's conduct.

**WHEREFORE**, Plaintiff, DAVID C. CAREY, prays for the following relief:

   A. A finding that Trans Union's conduct as set forth herein violated the FCRA;
   B. An Order enjoining Trans Union from reporting the fraudulent account;
   C. An award of compensatory damages to Plaintiff to be determined by the jury;
   D. An award of statutory damages of $1,000.00 for each violation of the FCRA;
   E. An award of punitive damages to be determined by the jury; and
   F. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
   G. Awarding any other relief as this Honorable Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 4, 2021                                      Respectfully Submitted,

**DAVID C. CAREY**

By: /s/ *Marwan R. Daher*

Marwan R. Daher, Esq.
**Sulaiman Law Group**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-Mail: mdaher@sulaimanlaw.com